UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE HYMED GROUP
CORPORATION, INC.,

       Plaintiff,                             CASE NO. 12-12519
                                                   HON. LAWRENCE P. ZATKOFF

v.

AUTO OWNERS INSURANCE
COMPANY and STEVENS & RICCI, INC.,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on the 20th day of December, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendant Auto Owners Insurance Company's (hereinafter, "Auto Owners") Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and Fed.R.Civ.P. 12(b)(6) (Docket #5). The Motion has been fully briefed. The Court finds that the facts and legal arguments pertinent to the Motion are adequately presented in the parties' papers, and the decision process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted by the parties, without this Court entertaining oral arguments. For the reasons that follow, Auto Owner's Motion is granted, and Plaintiff's cause of action is dismissed without prejudice.

## II.  BACKGROUND

As set forth by Plaintiff, this is an insurance coverage action to determine whether an insurance policy issued by Auto Owners provides coverage for Plaintiff's claims in a pending action in Pennsylvania against Defendant Stevens & Ricci, Inc. ("Stevens").  Plaintiff's pending action against Stevens (the "underlying action") is a putative nationwide class action alleging that Stevens sent junk faxes to numerous persons throughout the United States.  Auto Owners is a Michigan insurance company headquartered in Lansing, Michigan, Stevens is an Arizona corporation, and Plaintiff is a Pennsylvania company.  Although Plaintiff brought the underlying action in Pennsylvania, Plaintiff filed this coverage action in Michigan because, Plaintiff contends, this action involves an interpretation of an insurance policy under Michigan law.

## III.  ANALYSIS

Auto Owners contends that Plaintiff's action should be dismissed because: (1) venue is improper in the Eastern District of Michigan, and (2) Plaintiff has failed to state a claim upon which relief can be granted.  As discussed below, the Court concludes that venue is not proper in the Eastern District of Michigan.  Therefore, the Court does not address whether Plaintiff failed to state a claim upon which relief can be granted.

**A.   The Venue Statute**

28 U.S.C. §1391 governs venue in this Court, and Section 1391 provides, in part:

> **(b) Venue in General**.  A civil action may be brought in:
>
> (1)  a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

      (2)      a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

      (3)      if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

**(c) Residency**. For all venue purposes:

\* \* \* \* \*

      (2)      an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and

\* \* \* \* \*

**(d) Residency of Corporations in States With Multiple Districts**. For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

**B.**    **Section 1391(b)(1)**

Auto Owners first contends that Section 1391(b)(1) does not apply because not all Defendants reside in Michigan. The Court agrees. Based on the allegations in Plaintiff's Complaint and the parties' briefs, Stevens is incorporated and has its principal place of business in Arizona, and there is no indication that Stevens is subject to personal jurisdiction in Michigan. Therefore,

the Court must conclude that all defendants do not reside in Michigan and, as such, venue cannot be established in the Eastern District of Michigan pursuant to Section 1391(b)(1).

Plaintiff argues that Section 1391(d) "clearly and unambiguously authorizes suit in **any district** of a state in which the corporate defendant is licensed to do business statewide." *Richards v. Upjohn Co.*, 406 F.Supp. 405, 406 (E.D. Mich. 1976) (emphasis added) (*citing* 28 U.S.C. § 1391). Relying on *Richards*, Plaintiff argues that venue is proper in the Eastern District of Michigan because Auto Owners is a nationwide insurer and that there can be no question that Auto Owners regularly conducts business in both of Michigan's judicial districts. The Court agrees that there can be no doubt that Auto Owners conducts business in both of Michigan's judicial districts. That conclusion does not, however, aid Plaintiff in establishing that venue is proper in the Eastern District of Michigan because the other defendant (Stevens) is not a resident of Michigan.[1]

Accordingly, the Court holds that Plaintiff cannot establish that venue is proper in the Eastern District of Michigan pursuant to Section 1391(b)(1).

**C.    Section 1391(b)(2)**

Auto Owners also contends that Section 1391(b)(2) does not apply in this case because the Eastern District of Michigan is not a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Auto Owners notes that, as set forth in the underlying action, Stevens sent the unsolicited faxes to, and such faxes were received by, Plaintiff in Pennsylvania. There is no suggestion by any party, including Plaintiff, that the events involved in

---

[1]To the extent that Plaintiff relies on Michigan's venue statute to support its position, such support is misplaced. Even if the Court were to assume that Michigan's substantive law applies in this action, the Court's determination of whether venue is proper in the Eastern District of Michigan (a procedural law issue) is governed by the Federal Rules of Civil Procedure.

4

the underlying action occurred in Michigan. Plaintiff maintains, however, that the insurance policy that serves as the basis for this action was issued in Michigan and, as such, venue is proper in Michigan pursuant to Section 1391(b)(2). The Court concludes otherwise.

As Auto Owners sets forth in its briefs, numerous courts have looked exclusively to the events giving rise to the underlying action when considering the propriety of venue in an insurance coverage claim, if such coverage action is dependent on the underlying action. *See, e.g.*, *United States Fidelity & Guaranty Co. v. Mayberry*, 789 F.Supp. 901, 903 (E.D. Tenn. 1992); *Carolina Cas. Co. v. Data Broadcast. Corp.*, 158 F.Supp.2d 1044 (N.D. Cal. 2001) ("In an insurance coverage action, to establish venue via section 1391[b](2), a court looks to the underlying events for which coverage is sought."). Therefore, if the Court were to look to the events giving rise to the underlying action, venue could not be proper in Michigan because it is undisputed that "a substantial part of the events or omissions giving rise to the claim" did not occur in Michigan.

Even if the Court were to assume that the terms of the insurance policy (contract) between Auto Owners and Stevens constitute the events on which it should base its Section 1391(b)(2) venue determination, the Court is not persuaded that a "substantial part of the events or omissions giving rise to the claim" occurred in the Eastern District of Michigan. Plaintiff does not directly address this issue. Plaintiff asserts two arguments that might indirectly address the issue: (1) that "this action is an insurance coverage action over policies issued by a Michigan insurer to an Arizona insured that is governed by Michigan law," and (2) that an entity resides in any district in a State where it is it is licensed to do business. First, even if the insurance policy is governed by Michigan law, that does not demonstrate that a "substantial party of the events giving rise to the claim" occurred in the Eastern District of Michigan. As Auto Owners stated in its brief in support of its

Motion to Dismiss, the insurance policy at issue in this action: (1) was mailed by an Arizona agent/corporation (Drachman-Leed Insurance Inc.) with a Tucson, Arizona address to Stevens, also at a Tucson, Arizona address, and (2) bears the address of Auto Owners in Lansing, Michigan, which is in the Western District of Michigan.  Plaintiff does not dispute any of those statements.

Second, for purposes of Section 1391(b)(2), the judicial district in which a defendant such as Stevens might be treated as residing is irrelevant to determining whether the events occurred in that judicial district.  Even if Stevens' residence was relevant for purposes of Section 1391(b)(2), there have been no allegations or suggestions that Stevens has had any contact with the Eastern District of Michigan.  As such, the Court finds that there are no events related to the insurance policy that is the subject of this action which occurred in, or arose out of, the Eastern District of Michigan.

Accordingly, the Court holds that venue cannot be properly established in the Eastern District of Michigan pursuant to Section 1391(b)(2).

**D.**     **Section 1391(b)(3)**

The Court also concludes that proper venue cannot be established in the Eastern District of Michigan pursuant to Section 1391(b)(3).  The Court need only consider the propriety of venue pursuant to Section 1391(b)(3) if venue would not be proper in any judicial district pursuant to Section 1391(b)(1) or (2).  In this case, pursuant to Section 1391(b)(2), there is clearly at least one judicial district in which venue would be proper (the Eastern District of Pennsylvania, where the underlying action is pending).

### IV.  CONCLUSION

Accordingly, and for the reasons set forth above, IT IS HEREBY ORDERED that Auto

Owner's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(3) and Fed.R.Civ.P. 12(b)(6) (Docket #5) is GRANTED.  Therefore, Plaintiff's cause of action is DISMISSED WITHOUT PREJUDICE.  Judgment shall be entered accordingly.

    IT IS SO ORDERED.

                                            S/Lawrence P. Zatkoff
                                            LAWRENCE P. ZATKOFF
                                            UNITED STATES DISTRICT JUDGE

Dated: December 20, 2012